By the Court.
The board of education of the school district of St. Bernard instituted an action in the court of insolvency of Hamilton county, Ohio, to appropriate for school purposes certain real estate owned by John H. Linesch and Rudolph Schumacher. The property of Schumacher consisted of three lots, on which stand two brick dwellings. The property of Linesch consisted of four *162 lots, on two of which stands a frame dwelling-house built four years prior to the commencement of the action. No question is raised of the improvements in question not being adapted to the land.
At the trial the property owners offered testimony of contractors and builders who had made an examination of the houses a short time before the trial. They testified to the value of the improvements, independently of the value of the land. Later this testimony was, on motion,' stricken out by the court, and other similar testimony offered was not permitted to be introduced. Objection and exception were duly taken. Evidence had been offered of the value of the land without the buildings. Under the rule in Ohio a property owner has the right to show the value of his land separate from the building, and the value of the building separate from the land. Cleveland Terminal & Valley Rd. Co. v. Gorsuch et al., 8 C. C., N. S., 297, 302, affirmed 76 Ohio St., 609. See 2 Nichols on Eminent Domain (2 ed.), Section 447; also Blackwell’s Island Bridge Case, Matter of City of New York, 198 N. Y., 84.
This method of valuing real estate is that recognized by the -tax laws of Ohio, and all improved property is so assessed for taxation.
Reliance was placed by the defendants in error upon the decision in Devou v. City of Cincinnati, 162 Fed. Rep., 633. In that case the property sought to be condemned was a four-story stone and brick building in a portion of the city which at the time the building was constructed had been a fashionable one. In the course of years the sitúa *163 tion changed, the locality deteriorated, and the structure became a tenement house occupied by negroes. It was attempted to show the cost of the original construction. The court points out that under the circumstances of that case, where that character of building was no longer adapted to the purposes for- which it was used, the evidence of the cost of construction would not enlighten the jury, but rather tend to confuse and mislead. Moreover, the report of that case shows that there was an abundance of testimony as to the market value of the land and building as it stood. The ruling of the trial court there, while apparently proper under the precise state of facts shown, is not a safe guide for all cases, and was not fairly applicable to the situation disclosed in the case at bar.
The court erred in excluding the testimony as to the value of the buildings.
The judgment will be reversed and the cause remanded for a new trial.

Judgment reversed, and cause remanded.

Shohl, P. J., Hamilton and Cushing, JJ., concur.